UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No.: 14-57324
                                                          Chapter 7
ROBERT TREVOR-BLAIR DAVIS, SR.,                           Hon. Walter Shapero

              Debtor.
_____/

## OPINION ON DEBTOR'S MOTION TO EXTEND STAY AND MOTION OF HIGHLAND PARK SCHOOL DISTRICT'S EMERGENCY MANAGER TO CONFIRM STAY IS NOT IN EFFECT

Debtor, in pro per, filed a voluntary Chapter 7 case, No. 14-41918 on February 12, 2014 ("First Case"), the outcome of which was that it was dismissed by the Court on February 27, 2014, for failure to file schedules and other required documents. On October 19, 2014, a creditor of Debtor (an attorney who had represented Debtor in various matters) filed and was the sole petitioning creditor for an involuntary Chapter 7 case against Debtor, Case No. 14-56368 ("Second Case"). In that case, another creditor of Debtor, the Highland Park, Michigan, School District Emergency Manager ("Emergency Manager") moved for dismissal and/or other relief, a hearing on which was scheduled for November 6, 2014. The Court was informed at the hearing that, just before commencement of that hearing, and on that date, Debtor, again in pro per, filed this voluntary Chapter 7 case, No. 14-57324, ("Third Case"). The filing of that Third Case resulted in the dismissal of the Second Case by the Court on November 13, 2014.

In this case, motions were filed (1) on November 7, 2014, by the Debtor to extend the stay under § 362(c)(3); and (2) on November 14, 2014, by the Emergency Manager to Confirm that the stay is not in effect, under § 362(c)(4)(A)(i). Hearings on both were set for December 2, 2014. Evidence was taken and arguments made on that date.

1

Debtor's Motion is premised on the argument that the Second Case should not be considered in a determination of whether this is a § 362(c)(3) or (c)(4) situation. That means that this present Case is the second case filed within a year, and therefore a stay of 30 days came into effect on its filing lasting until December 6, 2014, and ending then unless extended pursuant to Debtor's motion. The Emergency Manager's Motion is premised on the argument that the Second Case should be considered, hence he argues that there were *two* prior cases filed within the year and dismissed, meaning that a stay did not go into effect on filing, as per the provisions of § 362(c)(4), justifying the relief sought in his Motion, given that as of now, at least, no motion to institute a stay (as opposed to extending it) has been filed (though if required such could be filed by December 6, 2014).

In any event and pursuant to the substantially similar language of the two provisions, a presumption of bad faith arises, and the Debtor has the burden of proof by clear and convincing evidence that this Third Case was filed in good faith and the statutory requirements have been met.

The salient and relevant facts in addition to the foregoing adduced at the hearing follow. Prior to the filing the First Case, Debtor had been and was then employed by a labor union; had previously been involved in the Highland Park School District, and/or on its Board; and directly (or indirectly through an entity) had a history of litigation with that Board and/or the District's Emergency Manager both as plaintiff and a defendant with Debtor having some successful and some adverse results. Immediately prior to that First Case filing, a state court rendered a judgment in favor of the Emergency Manager and against Debtor in the approximate amount of $40,356.00, and Creditor's proceedings for or incident to collection of that judgment had been commenced and were pending.

In the First Case, as far as it went, Debtor listed some ten creditors on the matrix including the Highland Park School District and a number of student loan creditors, and was granted an installment

2

payment order of the filing fee, which he eventually paid in full after the dismissal of that Case. Thereafter, the Emergency Manager proceeded to garnish Debtor's wages from the Union, collecting therefrom some $500.00 every two weeks for a total of some $6,000.00 or so as of the time of the filing of the Third Case. As noted the Second Case was an involuntary petition which was short lived and never got to the point of an order for relief, though the Emergency Manager's Motion in that Case alleged a collusive filing between Debtor and the petitioning creditor, among other things. There is a federal criminal proceeding against Debtor (apparently in connection with his actions involving the Highland Park School District), in which he recently plead guilty before the filing of the Third Case. It resulted in Debtor being dismissed from his employment with the Union under a statute precluding a felon from being so employed. Later this month Debtor will be sentenced on the criminal charge and there is also pending a legal proceeding (apparently before that same sentencing judge), seeking an exemption, so that Debtor may continue his employment with the Union.

Debtor has not been employed since at least September 2014, and has no current source of income. Debtor made the election to be paid some $11,000.00 or so as a lump sum pension payment. His filed schedules in this the Third Case list no real estate assets. They list a bank account of some $6,500.00 which is largely likely what is left of the pension payment; household goods and furnishings of approximately $5,500.00; furs and jewelry of some $2,500.00; possible refund of 2014 taxes in an unknown amount; a claim for refund of the garnished wages; a 2005 Jaguar vehicle on which there is a $12,676.00 lien; five student loan debts in various amounts shown on Schedule D, totaling some $83,000.00; City of Highland Park tax claims totaling $2,403.00; and seven unsecured creditors claims shown on Schedule F totaling $74,396.00. The filed matrix lists 16 creditors, nine of which were also listed on the ten creditor matrix filed in the First Case. One creditor listed on the

3

matrix in the First Case is not listed on the matrix in this case. Schedule I shows no income except that it does refer to a $11,200.00 lump sum payment which appears to have been the initial amount of the union pension payout above referred. Schedule J indicates a dependent son who is ten years of age living with Debtor, and monthly living expenses for the two of them of $2,805.00. The SOFA lists prior 2014 income, payments to creditors within 90 days, four pending lawsuits, wage garnishment starting February 2014, contributions, gifts, and safe deposit boxes containing cash. Debtor's testimony was basically credible in respect to those facts that most importantly bear on this decision.

Recently, a bankruptcy judge in the Western District of Michigan reviewed the legal standards and applicable law in these kinds of cases. *See* In re Reidy, 517 B.R. 88 (W.D. Bankr. 2014). This Court essentially subscribes to his conclusions and in particular to his approving of a "totality of circumstances" test, and associated factors, to which the Court believes the parties to this proceeding do not disagree with.

While there are differences between the showings required to rebut the presumptions as between § 362(c)(3) and (c)(4), the ones requiring there to have been a "substantial change in the financial or personal affairs of the Debtor since the dismissal of the next most previous case" are materially the same in each, if or to the extent there might be differences they would not change the outcome in this Case on that issue. Furthermore, as to other required showings, while the differences might be more material, the less rigorous ones apply to the § 362(c)(3) situation, where there was a dismissal of one prior case within the year.

The Court concludes in this Case that the dismissal of the Second Case, the involuntary, should not be considered or given any decisive weight because (a) it was an involuntary case; (b) no

4

order for relief was ever entered; (c) the case was dismissed prior to the running of the time within which the Debtor was permitted to contest the filing; and (d) the dismissal was initiated by the Court and occasioned by Debtor's filing of this Third Case. Therefore, it should be treated, as Debtor has done in his Motion, as a § 362(c)(3) situation where there was one prior case i.e.; the First Case.

Applying the indicated legal standards and factors applicable in a Chapter 7 situation, the Court concludes there is clear and convincing evidence this Case was filed in good faith and Debtor has borne his burden of rebutting the presumption. There was clearly a change in Debtor's financial and personal affairs since the dismissal of the First Case, i.e.: loss of employment and consequent loss of most if not all income; pleading guilty to a federal crime and impending sentencing thereon; continued garnishment of his wages by one creditor; and other state court creditor proceedings continuing or commenced against him. Debtor has a number of creditors, some of which are unrelated to any legal proceedings involving other creditors. While one could raise a question about Debtor's motive and timing in filing this Case, such is largely rebutted or neutralized by the fact that while the First Case was apparently filed following the entry of a judgment against him and the pressing of collection efforts relating to that judgment, those collection efforts resulted in the garnishment of material Debtor's wages for over some six months and consequent payment of a material portion of that judgment. His Schedules in this Third Case appear to reflect an attempt at honest and complete answers and information. The objective recited facts of Debtor's personal and financial situation put him essentially in the same class as many, many other Debtors for whom bankruptcy might be an answer and whose good faith in filing is not an issue. The emphasis on the issue involved here is more properly on the existence of the indicated facts and circumstances (particularly the liabilities, assets, income and expense realities) and less on the manner in which they

arose. To be sure this Debtor's apparently litigious propensities and the nature of some of his liabilities and the types of creditors he has, might set him apart from many, but not to the point where the possibility of a bankruptcy remedy should be denied him, keeping in mind the availability of denial of discharge and non-dischargeability of specific debts actions, as well as preference type actions to benefit the creditors as a whole, and whatever else might be appropriately involved in the administration of any Chapter 7 case. In the Court's view, therefore, Debtor, by clear and convincing evidence, has rebutted the statutory presumptions and met the conditions required to be met by the statutes, and under the totality of the circumstances and, irrespective of whether § 362(c)(3) or (c)(4) applies in this situation.[1]

Appropriate orders are being entered contemporaneously.

**Signed on December 05, 2014**

                                              **/s/ Walter Shapero**
                                             **Walter Shapero**
                                             **United States Bankruptcy Judge**

---

[1] The Orders the Court is entering, pursuant to this Opinion, are consistent with the treatment of the matter at issue as a § 362(c)(3) matter, which means that a stay went into effect on the filing of this case, lasting for 30 days, or until December 6, 2014. As noted in the Opinion, if the matter is considered a § 362(c)(4) matter, the Court would, in any event, under the circumstances, extend the stay, though in that circumstance, the statute provides that the stay would not become effective until the order is entered. Whether or not that might be relevant in this situation as a practical matter depends on whether or not the Emergency Manager (or any other creditor or person) took any actions which might be violative of the § 362 stay during the period between the filing of the Case and the issuance of the Order, and, whether the appropriate party intends to pursue any issue arising therefrom. That is not within the scope of the present ruling.

6

7