UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Robert Trevor-Blair Davis, Sr.,　　　　　　　　　　　Case No.: 14-57324-wsd
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor.　　　　　　　　　　　　　　　　　　　Hon. Walter Shapero
_____/

**OPINION DENYING DEBTOR'S EMERGENCY MOTION TO VOID FEBRUARY 3, 2015 ORDER OF MICHIGAN SUPREME COURT AND WAYNE COUNTY CIRCUIT JUDGE KATHLEEN MACDONALD'S FEBRUARY 13, 2015 ORDER (DKT. 106)**

Debtor filed an Emergency Motion To Void February 3, 2015 Order Of Michigan Supreme Court And Wayne County Circuit Judge Kathleen MacDonald's February 13, 2015 Order ("Motion") (Dkt. 106), which is opposed by creditor Gregory Weatherspoon, Emergency Manager for the Highland Park School District ("the EM"). Per this Court's prior order (Dkt. 112), the Motion is being decided without a hearing.

On February 14, 2013, the Wayne County Circuit Court issued an order finding that Debtor filed a frivolous suit against the EM and ordering Debtor to pay the EM's attorney fees and costs. That Court declined to also make Debtor's attorney in that litigation Andrew Paterson ("Paterson") liable on such sanctions. On February 27, 2013, Davis appealed said order to the Michigan Court of Appeals. As part of the same appeal, the EM filed a cross-appeal. The Wayne County Circuit Court issued amended final judgments on March 8, 2013 and April 19, 2013. On July 24, 2014, the Michigan Court of Appeals issued an opinion that (a) affirmed the sanctions against Debtor; (b) found that sanctions should have also been issued against Paterson; and (c) remanded to the Wayne County Circuit Court for proceedings consistent with that opinion. On September 4, 2014, Debtor filed an application for leave to appeal to the Michigan Supreme

1

Court. On November 6, 2014, Debtor filed the present voluntary bankruptcy case, which triggered the automatic stay (the stay was later extended by an order of this Court on December 5, 2014). On February 3, 2015, the Michigan Supreme Court denied Debtor's motion for leave to appeal. On February 5, 2015, the EM filed in the Wayne County Circuit Court a motion for judgment against Paterson. On February 13, 2015, the Wayne County Circuit Court entered judgment against Paterson only.

Debtor here argues that the Michigan Supreme Court's denial on February 3, 2015 of his leave to appeal was in violation of the automatic stay and thus void *ab initio*. Debtor further argues that the Wayne County Circuit Court's February 13, 2015 judgment should also be deemed void because that Court's exercise of jurisdiction depended on the Michigan Supreme Court's denial of leave to appeal. In response, the EM first argues that Debtor lacks standing to make this argument because the Wayne County Circuit Court's February 13, 2015 judgment that Debtor is attempting to set aside is against Paterson only and not against Debtor. Second, the EM argues that Debtor should not be allowed to benefit from the automatic stay because (a) Debtor failed to disclose on his bankruptcy schedules the pending appeal to the Michigan Supreme Court; and (b) Debtor failed to notify the Michigan Supreme Court of his bankruptcy filing so that it could stay that pending appeal.

It is of particular importance that Debtor's Motion seeks only to set aside or void: (a) the Michigan Supreme Court's denial of Debtor's leave to appeal and (b) the Wayne County Circuit Court's post-remand entry of judgment against Paterson. The case of *In re Kozich*, 406 B.R. 949 (Bankr. S.D. Fla. 2009) is particularly relevant here, where that Court opined:

> The question raised by this case is as follows: Does an automatic stay under section 362 prevent a non-debtor party from taking action in a state court appeal, *initiated by the debtor,* of an original action *also initiated by the debtor?* It is clear

> to this court, given the plain language of the law, that the answer is *no*. Section 362, by its own terms, only stays proceedings *against the debtor.*

*Id.* at 953. Debtor does not assert that the EM actively prosecuted such appeal in the Michigan Supreme Court against him, nor would such be determinative. In any event, even if Debtor was somehow successful in persuading this Court that the Michigan Supreme Court's order was in violation of the automatic stay and thus void, Debtor would nonetheless still be subject to the various pre-petition orders of the Wayne County Circuit Court and Michigan Court of Appeals finding him indebted to the EM.

As to the February 13, 2015 Wayne County Circuit Court order, which Debtor argues was also in violation of the automatic stay, such pertained only to Paterson and did not affect Debtor's rights in any manner. As noted, Debtor's liability to the EM had already been dealt with by pre-petition court orders. Debtor lacks standing to challenge the February 13, 2015 order and cannot here argue that this order was in violation of the automatic stay.

Therefore, this Court finds that Debtor's Motion is without merit and should therefore be denied. The Court will contemporaneously enter an appropriate order to this effect.

**Signed on March 16, 2015**

                                                **/s/ Walter Shapero**
                                                **Walter Shapero**
                                                **United States Bankruptcy Judge**