UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Robert Trevor-Blair Davis, Sr.,                      Case No.: 14-57324-wsd
                                                                                    Chapter 7
           Debtor.                                   Hon. Walter Shapero
_____/

## OPINION DENYING DEBTOR'S EMERGENCY MOTION TO VOID,
## ETC., AND EMERGENCY MOTION FOR CONTEMPT

On May 8, 2015, Debtor, in pro per, filed the entitled Motion for Contempt ("Motion") (Docket No. 117), essentially seeking to void *ab initio* certain orders issued by the Ingham County Circuit Court, and incident thereto, to find the New Energy to Reinvent and Diversity Fund, Richard Baird, and Mike Duggan (who are some of the Defendants in that State Court Action - "Respondents") in contempt of the discharge injunction in Debtor's case. Respondents filed a Joint Response (Docket No. 126). Pursuant to E.D. Mich. LBR 9014-1(d), the Court is exercising its discretion to decide the matter without a hearing and is denying the Motions..

The essential and salient facts, drawn as they are from the decisions and orders of the Ingham County Circuit Court ("State Court") and the filed pleadings (and as such not materially disputed) are the following:

1. Debtor and his non-profit corporation commenced an action in the State Court, which thereafter granted Respondents' Motions for Summary Judgment on December 13, 2013. Incident thereto and therein the State Court ruled that Respondents were entitled to costs, expenses, and attorney fees, pursuant to MCR 2.114. On November 12, 2014, the State Court issued an order establishing procedures for a determination of the amount(s) of such as against Debtor, his non-profit corporation, and their attorney, Andrew A. Paterson ("Paterson").

2. Debtor had filed this Chapter 7 case on November 6, 2014. He received his discharge on February 23, 2015.

3. On February 25, 2015, the State Court after having received various submissions, pursuant to the indicated procedures order issued separate sanctions awards payable to each of the Respondents by Debtor, his non-profit corporation, and Paterson. The total amount of the awards was $43,338.63. A footnote to that order states the following:

> The Court's November 12, 2014 Order excluded plaintiff Robert Davis as plaintiffs' attorney represented that Davis had recently filed a voluntary Chapter 7 Bankruptcy case. Although no written documentation of the voluntary bankruptcy petition was submitted to this Court, the Court relied upon plaintiffs' counsel's representation that counsel had withdrawn his involuntary petition previously filed against Davis, a copy of which counsel had properly provided to this court, upon learning that Davis had filed a voluntary bankruptcy petition. The Court notes that in response to defendants' fees and costs proofs, plaintiffs filed a pleading captioned "Plaintiffs' Response to Defendants' Motion for Dark Money Client's Legal Invoices" in which the lead paragraph states "Plaintiffs CITIZENS UNITED AGAINST CORRUPT GOVERNMENT and ROBERT DAVIS, by and through their attorney, ANDREW A. PATTERSON, submit their Response to Defendant Mike Duggan's and Defendant NERD Fund's (collectively "Defendants") Motion for payment of their legal invoices..." The Court therefore assumes from this pleading the exclusion of Robert Davis from the reach of this court's order as to award of fees and costs to defendants no longer applies.

4. On March 13, 2015, following a request by Respondents for clarification of its February 25, 2015 award, the State Court confirmed that it was also an award against Paterson.

5. In April 2015, Paterson apparently received a letter from an attorney for one of the Respondents, seeking payment of the sanctions awards.

6. The subject Motion was filed on May 8, 2015.

2

7. On May 27, 2015, the State Court, pursuant to a request by Respondents, entered an "Amended Order Granting Attorney Fees," the entire body of which states:

**<u>AMENDED ORDER GRANTING ATTORNEY FEES</u>**

At a session of said Court,
held on May 27, 2015
Present: Hon. James S. Jamo, Circuit Court Judge

This matter having come before the Court on Defendants joint Ex Parte Motion to Amend Order Granting Attorney Fees, and having reviewed the Motion and file in this matter and attachments to the Motion and otherwise being fully advised as to the premises:

THE COURT FINDS that bankruptcy proceedings instituted by Plaintiff Davis were pending during the consideration of the Court of the computation of the amount of attorney fees to be awarded to Defendants;

THE COURT FURTHER FINDS THAT Plaintiffs' counsel had orally represented to the Court that a petition for involuntary bankruptcy had been filed but had been withdrawn;

THE COURT FURTHER FINDS that Plaintiffs' counsel represented that an additional voluntary bankruptcy petition was filed by Plaintiff Davis;

THE COURT FURTHER FINDS that after the additional bankruptcy petition, Plaintiff's counsel claimed had been filed, Plaintiff's counsel continued to file pleadings in this matter leading the Court to conclude that the Bankruptcy stay was no longer in place. See February 25, 2015 Order, footnote 1.

THE COURT FURTHER FINDS that counsel for Plaintiffs' did not notify the Court of Plaintiff Davis' February 25, 2015 discharge from bankruptcy, and;

THE COURT FURTHER FINDS that the foregoing therefore acts to void the Order Awarding Attorney Fees Ab Initio as to Plaintiff Robert Davis.

3

14-57324-mlo    Doc 128    Filed 06/08/15    Entered 06/08/15 17:02:33    Page 3 of 7

THEREFORE, IT IS HEREBY ORDERED, that Defendants' Ex Parte Joint Motion for To Amend Order Awarding Costs and Attorney Fees is GRANTED AND THAT THE ORDER GRANTING ATTORNEY FEES IS AMENDED *AB INITIO* TO EXCLUDE ROBERT DAVIS.

SO ORDERED.

So, by reason of the foregoing, the situation is and was :

(A). At the time the State Court order of November 12, 2014 was entered, the § 362 stay was in effect; and, at the time of its orders of February 25, 2015, and March 13, 2015, the discharge injunction [effective as of February 23, 2015], was in effect.

(B). At the time of the referred to collection letters, the discharge injunction was in effect.

(C). The State Court order of May 27, 2015, specifically excluded *ab initio* Debtor from the reach of its prior orders awarding sanctions, stating that it operated to "void the Order Awarding Attorney Fees Ab Initio as to Plaintiff Robert Davis", including within that same order a clear explanation of the prior proceedings, and the role that the representations or failures on the part of Paterson (Debtor's attorney), played in the Court's prior actions.

Debtor's Motion argues that the State Court orders of February 25, 2015, and March 13, 2015, are void ab initio because they violate the § 524(a)(2) discharge injunction which became effective on February 23, 2015; Debtor, also arguing that (a) the post-discharge collection letter(s) to Paterson, violated Debtor's discharge injunction which enjoins the "continuation of an action, the employment of process, or an act to collect, recover, or offset any such debt as a personal liability of the debtor." and, (b) by reason thereof, Respondents should be held in contempt of the automatic stay and the discharge injunction and be required to pay Debtor's alleged actual damages (of

4

$700.00), which apparently is for alleged legal costs Debtor paid or claims is obligated to pay to Paterson.

As noted, the February 25, 2014, sanctions award was the culmination of actions (1) awarding same, pursuant to the State Court's pre-petition December 13, 2013, order awarding such in an amount which would be pursuant to later procedures; (2) establishing those procedures, pursuant to determining the November 12, 2014 post-petition, pre-discharge, order; (3) determining the amounts of sanctions, pursuant to the February 25, 2015, post-discharge order; and (4) clarifying that the February 25, 2015, award included an award against Paterson. Debtor is not here raising any contempt issue about the entry of the post-petition and pre discharge November 12, 2014, procedures order (and it would serve no useful purpose or change the result if he were to do so). The collection letter which is formally part of the pleadings was dated April 17, 2015, came from the attorney for one of three Respondents who were the sanctions payees. It was addressed to Paterson and referred to the recited February and March 2015 sanctions orders "awarded against your clients and also against you personally", and said the orders were final, and asked for payment within ten days.

It is clear that, proceedings to enforce that injunction are in the nature of civil contempt proceedings, the rules as to which include *inter alia* that a movant's burden is (1) one of producing clear and convincing evidence, and (2) relief is remedial in nature, and as such, efforts at purging the alleged contempt (particularly successful ones) bear on the result.

The State Court's order of May 27, 2015, reciting as it does that it came about at the behest of Respondents, in and of itself requires denial of the Motion, particularly as it relates to the February 25, 2015, State Court order determining the sanctions. It is a full and satisfactory

5

14-57324-mlo    Doc 128    Filed 06/08/15    Entered 06/08/15 17:02:33    Page 5 of 7

explanation of the situation and precludes the existence of the required clear and convincing evidence (and indeed would do so if the standard of civil contempt proof in this instance would be a preponderance of the evidence). By virtue of that order, the actionable basis for the Motion and any contempt action in favor of Debtor and against Respondents disappeared, was essentially eliminated, and did so "ab initio." Thus, now there is no remediation needed or to be effected. While it is not exactly clear when the Respondents filed their Motion to obtain that May 27, 2015 order, the likely period during which there might have technically existed a discharge injunction violation worthy of even being considered contempt, would be a period between February 23, 2015, and the filing date of that motion. It is likely it was filed sometime very soon after the collection letters were sent, and likely more or less coincident with the filing of the Motion leading to the May 27 order. That filing, of course was totally at odds with, and militated against, any conclusion that any further attempt was being made to collect anything from Debtor. Considering the totality of the circumstances, the referred to short period is not one which would afford a sufficient basis for a finding of contempt, or which would in any event support an award of the de minimis $700 that Debtor here seeks (and assuming that the payment or incurrence of any obligation for the $700 occurred during that period, and the appropriate causation existed) and also considering its appropriateness in light of the fact the subject Motion was filed in pro per.

Additionally, but not decisive, given the foregoing and given Debtor's discharge the only real beneficiary of a Debtor's Motion requesting finding the orders establishing the sanctions violated the stay & discharge injunction might be Paterson (assuming any such findings would benefit or even relate to Paterson). Seen in that light, the Motion is much less for Debtor's benefit

6

and much more for that of Paterson - who can, and should, take care of himself- yet another consideration in denying the Motion.

Accordingly, the Motion is denied and an order to that effect is being entered contemporaneously.

**Signed on June 08, 2015**

                                              **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**