UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Robert Trevor-Blair Davis, Sr.,　　　　　　　　　　　　Case No.: 14-57324-wsd
　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　Debtor.　　　　　　　　　　　　　　　　　　　Hon. Walter Shapero
_____/

**OPINION DENYING DEBTOR'S MOTION TO DECLARE (1) WAYNE COUNTY CIRCUIT COURT JUDGMENTS VOID PURSUANT TO 11 U.S.C. 524(A)(1); (2) DECLARE JULY 24, 2014 JUDGMENT OF MICHIGAN COURT OF APPEALS VOID PURSUANT TO 11 U.S.C 524(A)(1) (DKT. 129)**

Debtor filed a Motion to Declare (1) Wayne County Circuit Court Judgments Void Pursuant to 11 U.S.C. 524(a)(1); (2) Declare July 24, 2014 Judgment Of Michigan Court of Appeals Void Pursuant to 11 U.S.C. 524(a)(1) (Dkt. 129) ("Motion"). It is opposed by creditor Gregory Weatherspoon, Emergency Manager for the Highland Park School District ("the EM"). Given the clarity of the issues raised by the Motion, the uncontroverted salient facts, and the obvious conclusions, the Court is deciding the matter without a hearing or further proceedings, pursuant to E.D. Mich. LBR 9014-1(d).

On February 14, 2013, the Wayne County Circuit Court issued an order finding that Debtor filed a frivolous suit against the EM and ordering Debtor to pay the EM's attorney fees and costs. That Court declined to also make Debtor's attorney in that litigation, Andrew Paterson ("Paterson"), liable for such sanctions. On February 27, 2013, Davis appealed said order to the Michigan Court of Appeals. The EM filed a cross-appeal. The Wayne County Circuit Court thereafter issued amended final judgments on March 8, 2013 and April 19, 2013 (the three above-referenced orders are hereinafter referred to as "the Wayne County Circuit Court Orders"). On July 24, 2014, the Michigan Court of Appeals issued an opinion that (a) affirmed

1

the sanctions against Debtor; (b) found that sanctions should have also been issued against Paterson; and (c) remanded to the Wayne County Circuit Court for proceedings consistent with that opinion. On September 4, 2014, Debtor filed an application for leave to appeal to the Michigan Supreme Court. On November 6, 2014, Debtor filed his present Chapter 7 bankruptcy case. On February 3, 2015, the Michigan Supreme Court denied Debtor's motion for leave to appeal. On February 5, 2015, the EM filed in the Wayne County Circuit Court a motion for a sanctions judgment against Paterson and on February 13, 2015, the Wayne County Circuit Court entered judgment against Paterson only. On February 23, 2015, Debtor received a discharge. The EM is pursuing a timely-filed adversary proceeding pursuant to 11 U.S.C. § 523(a)(6) for nondischargeability of the debt created by the Wayne County Circuit Court Orders. *See* Adv. Pro. 14-05275.

Having already previously failed to convince this Court that the Michigan Supreme Court's order and the Wayne County Circuit Court's post-remand order are both void, *see Opinion*, Dkt. 114, Debtor by the Motion is now taking aim at various other state court orders. Debtor contends that the Wayne County Circuit Court Orders and the Michigan Court of Appeals order are all void because they were discharged in this bankruptcy case. Debtor is incorrect. Section 727(b) provides "*Except as provided in section 523 of this title,* a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter[.]" (emphasis added). Section 523 provides that "[a] discharge under section 727… of this title does not discharge an individual debtor from any debt…" and then lists various exceptions to discharge, including § 523(a)(6), upon which the EM is asserting the debt is nondischargeable. Section 524(a)(1) provides that a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the

2

debtor *with respect to any debt discharged under section 727*[.]" (emphasis added). *See also In re Farelli,* 347 B.R. 501, 505 (Bankr. W.D. Pa. 2006) ("Except for types of debt that are enumerated in the various subparts of § 523(a), a discharge in bankruptcy granted in accordance with § 727 of the Bankruptcy Code voids all pre-petition judgments against the debtor.") Debtor's assertion that the various state court orders are deemed voided *until the nondischargeability action determines otherwise* is incorrect. The dischargeability or nondischargeability of the subject debt is still to be determined in the indicated adversary proceeding. The relevance and admissibility of whatever happened in the state courts may be a part of that proceeding, as the parties thereto see fit and as the rules of evidence provide. Therefore, the Court finds that Debtor's Motion is without merit and should therefore be denied. The Court will contemporaneously enter an appropriate order to this effect.

**Signed on July 23, 2015**

                                            **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**