UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Robert Trevor-Blair Davis, Sr.,            Case No.: 14-57324-wsd
                                                           Chapter 7
       Debtor.                                 Hon. Walter Shapero
_____/

## OPINION DENYING DEBTOR'S EMERGENCY MOTION TO VACATE AND VOID AB INITIO ALL JUDGMENTS/ORDERS ENTERED IN INGHAM COUNTY CIVIL ACTION (DKT. 135)

Debtor filed *in pro per* the present Emergency Motion To Vacate and Void *Ab Initio* All Judgments/Orders Entered in Ingham County Civil Action (Dkt. 135) ("Motion"). Given the clarity of the issues raised by the Motion and the uncontroverted salient facts, the Court is deciding the matter without a hearing or further proceedings, pursuant to E.D. Mich. LBR 9014-1(d).

The salient facts, stated more fully in this Court's June 8, 2015 Opinion (Dkt. 128), are: (a) Debtor and his non-profit corporation commenced in the Ingham County Circuit Court ("State Court") an action against the New Energy to Reinvent and Diversity Fund, Richard Baird, and Mike Duggan ("Respondents"); (b) Debtor filed this Chapter 7 petition on November 6, 2014 and received a discharge on February 23, 2015; (c) on February 25, 2015, the State Court issued attorney fee awards payable by Debtor, his non-profit corporation, and their attorney Andrew Paterson, to each of the Respondents; and (d) because of Debtor's bankruptcy stay and discharge, the State Court on May 27, 2015 entered an Amended Order Granting Attorney Fees, which voided *ab initio* its previous award of attorney fees by Debtor to Respondents. Debtor's Motion first contends this Court should void the State Court's May 27, 2015 Amended Order because the

1

State Court lacked jurisdiction to amend its own order by virtue of various procedural deficiencies. Debtor also contests the jurisdiction of the State Court to have heard *any* of the above-noted issues, contending that jurisdiction properly rested with the Michigan Court of Claims.

The Court finds that Debtor's Motion is without merit. The only relevant significant action of the State Court that was financially or legally adverse to Debtor's interests is that which took place postpetition, i.e. the February 25, 2015 attorney fee award against Debtor. As noted, that award as to Debtor was voided *ab initio* by the issuing State Court by reason of Debtor's bankruptcy filing, and properly so. By virtue of that action, the Respondents thus had an unliquidated prepetition claim against Debtor, the treatment of which is and was governed by applicable provisions of the Bankruptcy Code. Debtor's other arguments regarding the jurisdiction of the State Court and alleged procedural issues incident to the State Court's actions are subsumed by its voidance and are more properly addressed to courts other than this Court. Additionally, there is no provision for, nor would any useful purpose be served by, voiding any other postpetition proceedings related or leading to that now-vacated award as against Debtor. Debtor's Motion presents no injury for this Court to redress. As to any person or entity other than Debtor against whom an award was entered (who are not movants here), if the bankruptcy stay or discharge even applied to them at all, such parties should, separately and on their own behalf, at least initially, address the State Court with whatever concerns or problems they have with that award. Therefore, Debtor's Motion is denied and the Court will enter an appropriate order.

**Signed on July 23, 2015**

                                         /s/ Walter Shapero
                                 Walter Shapero
                                 United States Bankruptcy Judge